**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **AGUSTIN MADRID,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-134-KC** |
| | § | **EP-12-CR-1260-KC-1** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent**. | § | |

<u>**ORDER**</u>

On this day, the Court considered Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion"), ECF No. 26.[1] By the Motion, Petitioner challenges his sentence on the ground that he received ineffective assistance of counsel. For the following reasons, the Court **DENIES** the Motion.

**I.     BACKGROUND**

On May 23, 2012, a grand jury charged Petitioner in a two-count indictment alleging importation and possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 841(a)(1). *See* ECF No. 9. The Honorable United States Magistrate Judge Norbert J. Garney appointed a federal public defender ("Counsel") to represent Petitioner in the Case. *See* ECF No. 4.

Petitioner pleaded guilty to both counts before this Court on August 1, 2012, and this Court accepted Petitioner's plea after engaging in a colloquy with Petitioner to confirm that his plea was knowing and voluntary. *See* Plea Hr'g Tr., Aug. 1, 2012, ECF No. 31, at 2-25, 31-32.

---

[1] For the purposes of this Order, all docket entries refer to the criminal case EP-12-CR-1260-KC (the "Case").

At the plea hearing, Petitioner admitted to importing and possessing 19.64 kilograms of marijuana with intent to distribute. *See id*. at 24. Petitioner was assisted by the official court interpreter at the plea hearing. *See id*. at 2-3. There is no plea agreement in the Case. *See id*. at 19.

At the plea hearing, this Court advised Petitioner that a probation officer would prepare a presentence investigation report ("PSR") in the Case, and that Petitioner would have an opportunity to review the PSR with Counsel and object to any inaccuracies. *See id*. at 14-15. Petitioner affirmed to the Court that he understood. *See id*. at 15.

A United States probation officer duly prepared the PSR and disclosed it to both Counsel and the Government. *See* PSR, ECF No. 22; ECF No. 22-2. The PSR reflects that, at the time he was apprehended, Petitioner admitted to a federal agent that "he had successfully smuggled marijuana through the El Paso ports of entry on six different occasions without being apprehended." PSR 4. The PSR therefore reached the following conclusion:

> Based on investigative reports, [Petitioner] is held accountable for the 19.61 kilograms imported during the commission of the instant offense. However, [Petitioner] is also held accountable for the six prior loads of marijuana he admitted to transporting previously. As there is insufficient information to confirm the specific quantities of those prior loads, it is reasonable to infer that the prior loads were of like quantities. Therefore, [Petitioner] is held responsible for a total of 137.27 kilograms of marijuana.

*Id*. at 5.[2]

Counsel objected in writing to the consideration of 137.27 kilograms of marijuana as relevant conduct instead of the 19.61 kilograms to which Petitioner admitted at the plea hearing. *See* ECF No. 22-3. Counsel specifically argued that

> [r]eference to any amount other than 19.61 kilograms is highly speculative and

---

[2] The Court refers to the pagination assigned the PSR by the Court's electronic docketing system, rather than the internal pagination assigned by the United States Probation Office.

> lacks evidentiary foundation. Although [Petitioner] admitted to participation on prior occasions, there does not exist any manner to prove the items or weight of said items that [Petitioner] transported on prior trips . . . Here, the presumption that the prior crossings contained the identical type and weight of the narcotic is not warranted.

*Id.* at 1.

The Government responded to Counsel's objection. *See* ECF No. 22-4. The United States Probation Office reviewed the objection and the Government's response and concluded that Petitioner should indeed be held responsible for 137.27 kilograms of marijuana. *See* ECF No. 22-5.

The Court held a sentencing hearing in the Case on October 11, 2012. *See* Sentencing Hr'g Tr., ECF No. 32. Petitioner was assisted by the official court interpreter at this hearing. *See* Sentencing Hr'g Tr. 2. Counsel affirmed to the Court that he had received a copy of the PSR and reviewed it with Petitioner. *See id.* at 3. Counsel then renewed his objection to the Court's consideration of 137.27 kilograms of marijuana as relevant conduct. *See id.* at 3-7. The Court, "having reviewed all of the information, . . . believe[d] there [wa]s sufficient evidence to support the scoring of the relevant conduct," and accordingly overruled Counsel's objection. *Id.* at 8. The Court then imposed a sentence of fifty-one  months of incarceration and four years of supervised release based in part on the scoring of relevant conduct. *Id.* at 13.

Petitioner filed the Motion on April 29, 2013. *See* Mot. The Motion is Petitioner's first motion pursuant to 28 U.S.C. § 2255 in the Case. The Government filed a response to the Motion (the "Response"), ECF No. 33, on July 2, 2013. Petitioner filed a reply to the Response (the "Reply"), ECF No. 38, on September 11, 2013. *See also* ECF No. 35 (order allowing Petitioner to file the Reply late).

## II.   DISCUSSION

### A.   Standard

28 U.S.C. § 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

After a petitioner has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). Typically, before a court will grant relief pursuant to § 2255, the petitioner must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231

4

(5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a petitioner must either: (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). The cause and actual prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet*, 81 F.3d at 589. If the petitioner does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992). This procedural bar does not apply, however, to claims alleging ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 508 (2003).

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions. U.S. Const. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To obtain relief on an ineffective assistance of counsel claim, a petitioner must demonstrate both (1) that his "counsel's performance was deficient[,]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of this test requires a court to find that counsel's performance was constitutionally effective. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot

be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

The test's performance prong centers on whether counsel's assistance was reasonable in light of all the circumstances at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). In order to obtain relief, a petitioner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A deficiency in counsel's performance, even if professionally unreasonable, does not necessarily equal ineffective assistance of counsel; the petitioner must also demonstrate actual prejudice. *See id.* at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). The test's prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Because Petitioner appears pro se, the Motion is "entitled to a liberal construction that includes all reasonable inferences which can be drawn from" it. *United States v. Peralta-Ramirez*, Criminal No. H-04-0150-06, Civil Action No. H-07-4582, 2008 WL 4630369, at *2 (S.D. Tex. Oct. 16, 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997)). However, even a pro se litigant must provide sufficient facts in support of his or her claims; "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *accord Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### B.   Analysis

The Motion and the Reply allege that Counsel rendered ineffective assistance in several respects. The Court addresses each in turn below.

First, however, the Court notes that Petitioner raises many of his ineffective assistance challenges for the first time in the Reply. *Compare* Mot. 1-7 *with* Reply 1-3. The Court ordinarily does not consider challenges raised for the first time in a § 2255 petitioner's reply brief, after the government has already responded to the motion to vacate the petitioner's sentence. *See Ford v. Thaler*, No. 4:12–CV–575–A, 2013 WL 2297228, at *3 n.3 (N.D. Tex. May 24, 2013) (citing *United States v. Sangs*, 31 F. App'x 152 (5th Cir. 2001); *United States v. Anderson*, 951 F.2d 626, 630 (5th Cir. 1992)). Although the Court could dismiss the challenges in the Reply on this basis alone, the Court nonetheless addresses the merits of those challenges below and concludes that Petitioner's arguments all fail.

### 1.      Counsel's alleged failure to object

Petitioner argues that Counsel rendered ineffective assistance by failing to object to the Court's consideration of the 137.27 kilograms of marijuana that Petitioner imported and possessed with intent to distribute on prior occasions as relevant conduct, as opposed to the 19.61 kilograms of marijuana to which Petitioner admitted at the plea hearing. *See* Mot. 4, 7.[3]

Under the version of the United States Sentencing Guidelines in effect at the time of Petitioner's sentencing,[4] a Court may consider as relevant conduct "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense" when imposing a sentence. U.S.S.G. § 1B1.3(a)(1) (2011). "A district court may include elements from a prior uncharged drug offense if the previous offense" and the charged offense amount to a "common scheme or plan" or the "same course of conduct." *United States v. Avila*, 54 F. App'x 404 (5th Cir. 2002); *accord United States v. Curtis*, 96 F. App'x 223, 224 (5th Cir. 2004). "Particularly in drug cases," the United States Court of Appeals for the Fifth Circuit "has broadly defined what constitutes 'the same course of conduct' or 'common scheme or plan.'" *United States v. Bryant*, 991 F.2d 171, 177 (5th Cir. 1993) (citations omitted). As noted above, the Court imposed Petitioner's sentence based in part on its finding that Petitioner had imported and possessed a total of 137.27 kilograms of marijuana. *See* Sentencing Hr'g Tr. 8.

---

[3] The Court refers to the pagination assigned the Motion by the Court's electronic docketing system, rather than the internal pagination assigned by Petitioner.

[4] *See United States v. Ramos*, 509 F. App'x 317, 318 (5th Cir. 2013) (citing *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007)) (holding that a sentencing court should generally apply the version of the Sentencing Guidelines in effect at the time of sentencing). This Court sentenced Petitioner on October 11, 2012. *See* Sentencing Hr'g Tr. Because the 2012 Sentencing Guidelines did not become effective until November 1, 2012, the Court applies the 2011 Sentencing Guidelines.

Petitioner's claim fails because, as described above, Counsel did indeed duly and timely raise written and oral objections to the Court's consideration of 137.27 kilograms of marijuana as relevant conduct. *See* ECF No. 22-3; Sentencing Hr'g Tr. 3-7. Indeed, Petitioner concedes as much in the Reply. *See* Reply 1 ("[P]etitioner did not wish to mislead the [C]ourt by making the allegation that his attorney did not object to the use of relevant conduct in [the C]ase."). As such, Petitioner can prove neither that Counsel's conduct was deficient nor that Petitioner was prejudiced by Counsel's failure. *See Strickland*, 466 U.S. at 687. *See also United States v. Risinger*, 29 F.3d 623, 623 n.4 (5th Cir. 1994) (refusing to find ineffective assistance of counsel where counsel did indeed object to the presentence report's use of relevant conduct). The Court therefore dismisses Petitioner's ineffective assistance of counsel claim to that extent.

### 2.      Counsel's alleged failure to review his objections with Petitioner

Petitioner further alleges that Counsel rendered ineffective assistance by failing to review the objections to the relevant conduct evidence with Petitioner in advance. Specifically, Petitioner claims he "has never seen the actual objections that were filed by" Counsel or the arguments presented therein. *See* Reply 1. Petitioner further argues that Counsel

> never reviewed [with him] the alleged statements or confessions in which [P]etitioner allegedly admits to crossing marijuana at other times, he [sic] never once reviewed any information with him at any point that he was going to challenge the admissibility of the alleged statements or subpoena and cross-examine the agents [sic] statement.

*Id*. at 2.

Assuming without deciding that Counsel failed to review his relevant conduct objections with Petitioner prior to making them, Petitioner's ineffective assistance claim nevertheless fails because he has not demonstrated prejudice. To reiterate, Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner does not identify any way in which his sentence might have differed if Counsel had given him an opportunity to review the objections. *See* Reply 1-3. Though Petitioner suggests Counsel made ineffective objections, *see id*. at 2-3, the Court rejects that argument below. Moreover, Petitioner does not allege that Counsel might have made different objections if Petitioner had the opportunity to review the objections beforehand. *See id*. at 1-3. Because Petitioner has failed to demonstrate prejudice, the court dismisses his ineffective assistance claim to that extent. *Cf. United States v. Navarro-Perez*, 200 F.3d 814 (5th Cir. 1999) (affirming denial of § 2255 motion challenging counsel's failure to provide petitioner sufficient time to review PSR for failure to prove prejudice where petitioner failed to demonstrate "that any of the PSR's findings supporting the enhancement [we]re false or that the leadership-role enhancement was inappropriate"); *United States v. Rodriguez*, 48 F.3d 531 (5th Cir. 1995) (affirming denial of § 2255 motion based on counsel's alleged failure to discuss PSR with petitioner for failure to prove prejudice where petitioner "provide[d] no specifics as to what [alleged] mitigating evidence might say or how it would aid" the petitioner).

### 3. Counsel's allegedly ineffective objections

Petitioner alleges that Counsel made ineffective objections at the sentencing hearing. Specifically, Petitioner objects to Counsel's remarks that Petitioner was "just a kid" at the time he committed the offense, as well as Counsel's references to the video game "Grand Theft Auto." *See* Reply 2 ("Arguing, [sic] that [P]etitioner was 'just a kid' and making references to 'Grand Theft Auto' should not be considered effective defenses and be considered effective assistance of counsel."). *See also* Sentencing Hr'g Tr. 5, 7-8 (Counsel's references to Petitioner's

10

age and naïveté); *id*. at 6 (Counsel's references to video games that glorify violence and drug trafficking).

Again, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel*, 350 U.S. at 101). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. at 688. To successfully claim that the challenged objections were so defective as to constitute constitutionally ineffective assistance, Petitioner must establish "that [C]ounsel made errors so serious that [C]ounsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id*. at 687.

The Court is unable to conclude that Counsel's arguments deviated so far from reasonable professional conduct as to constitute constitutionally ineffective assistance. Defense attorneys commonly remark about their clients' age and naïveté when requesting that the court impose a lighter sentence than would otherwise obtain. Moreover, Petitioner has not demonstrated how the result of the sentencing hearing would have differed if Counsel had not made these remarks. *See* Reply 1-3. As such, Petitioner can show neither deficient performance nor prejudice, so the Court denies the Motion on this ground. *See Strickland*, 466 U.S. at 687.

### 4.    Counsel's alleged failure to undermine the relevant conduct allegations

Petitioner also argues that Counsel should have more zealously disputed the relevant conduct evidence that the Court used to increase Petitioner's sentence. Specifically, Petitioner argues that Counsel should have (1) challenged the admissibility of the relevant conduct

evidence; (2) subpoenaed and cross-examined the agent to whom Petitioner admitted the prior incidents of drug transportation; and (3) offered rebuttal evidence at the sentencing hearing. *See* Reply 2. The Court examines each challenge in turn.

### i. Admissibility challenges

Petitioner argues that Counsel should have challenged the admissibility of the relevant conduct evidence used to increase Petitioner's sentence. *See id.* at 2.

Drug quantity evidence "need not be admissible at trial" to be admissible at a sentencing hearing; instead, the evidence need only "possess 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Medina*, 161 F.3d 867, 876 (5th Cir. 1998) (quoting *United States v. Kelley*, 140 F.3d 596, 609 (5th Cir. 1998)). The Fifth Circuit has upheld a sentencing judge's consideration of drug quantities transported in prior border crossings, even where those quantities are only estimates based on inference, where those estimates have an adequate evidentiary basis. *See id.* at 877. Specifically, the Fifth Circuit held as follows:

> Martinez argues that the PSR attributing at least 150 kilograms of cocaine to him was "speculative" because Gonzalez's testimony at trial failed to disclose either the type or amount of drugs involved in the two "crossings" he made with Gonzalez. The PSR on Martinez reported the following: (1) Martinez was part of at least three "crossings," one of which was known to have involved cocaine; (2) the smuggling enterprise primarily involved cocaine; and (3) the smallest cocaine seizure was 219.99 kilograms. These facts coalesced to permit an inference that Martinez was responsible for at least 150 kilograms of cocaine . . . We, therefore, hold that the district judge's estimate of the amount of drugs attributable to Martinez was not clearly erroneous.

*Id.* (citing *United States v. Brito*, 136 F.3d 397, 417 (5th Cir. 1998); *United States v. Beler*, 20 F.3d 1428, 1434 (7th Cir. 1994)).

The relevant conduct evidence introduced at Petitioner's sentencing hearing was analogous to the drug quantity evidence that the Fifth Circuit deemed both admissible and probative in *Medina*. Here, the Government presented evidence of (1) Petitioner's prior

admission to the federal agent at the time of his arrest that he had previously transported marijuana into the United States; (2) records of Petitioner's prior crossings between the United States and Mexico; and (3) the quantity of marijuana involved in one of those crossings. *See* ECF No. 22-4, at 2-3, 5-27. Thus, like the district court in *Medina*, this Court had before it evidence that Petitioner had transported drugs over the border on multiple prior occasions, as well as evidence that would allow the Court to estimate the quantity of marijuana involved in those previous crossings. *See Medina*, 161 F.3d at 877. Therefore, under *Medina*, the relevant conduct evidence was undoubtedly admissible at Petitioner's sentencing hearing. *See id*. at 876-77 (quoting *Kelley*, 140 F.3d at 609). Counsel therefore did not render ineffective assistance by failing to object to that evidence's admissibility, because the "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Moreover, where defense counsel does not introduce rebuttal evidence to relevant conduct described in a PSR, a sentencing court may adopt those facts "without further inquiry if the facts have an adequate evidentiary basis." *United States v. Alford*, 142 F.3d 825, 832 (5th Cir.), *cert. denied*, 525 U.S. 1003 (1998). Counsel did not present rebuttal evidence, and, as the Court explains below, Counsel's decision not to do so did not amount to ineffective assistance of counsel. Thus, this Court properly adopted the findings in the PSR, so Petitioner cannot point to any error that Counsel made that prejudiced him.

Finally, as explained above, even though Counsel did not and could not reasonably object to the relevant conduct evidence on the basis of admissibility, Counsel did raise both written and oral objections to the probative value of the evidence. Counsel did therefore raise potentially meritorious – albeit ultimately unsuccessful – challenges to the relevant conduct evidence. There

is therefore no basis from which the Court can conclude that Counsel's representation was constitutionally ineffective. *See Riedle v. United States*, Civil No. 4:09–CV–394–Y, Criminal No. 4:07–CR–076–Y, 2010 WL 610728, at *4 (N.D. Tex. Feb. 22, 2010) (rejecting ineffective assistance claim where counsel made potentially meritorious objections at sentencing hearing and made energetic efforts to lower petitioner's sentence); *Lee v. United States*, Nos. 4:07-CV-383-A, 4:05-CR-016-A, 2007 WL 4462898, at *3 (N.D. Tex. Dec. 18, 2007) (citing *Youngblood v. Maggio*, 696 F.2d 407 (5th Cir. 1983)) (same). The Court therefore denies the Motion to that extent.

>    ii.    **Counsel's alleged failure to subpoena and cross-examine the agent to whom Petitioner admitted prior incidents of drug transportation**

As noted above, the PSR recommended that Petitioner be "held responsible for a total of 137.27 kilograms of marijuana" on the basis of Petitioner's admission to a federal agent that "he had successfully smuggled marijuana through the El Paso ports of entry on six different occasions without being apprehended." PSR 2-3. Petitioner argues that Counsel rendered ineffective assistance by failing to subpoena and cross-examine the agent to whom Petitioner made this confession. *See* Reply 2.

A petitioner who challenges his or her counsel's failure to subpoena a witness to testify at his or her sentencing hearing faces a formidable burden.

> "Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." Where the only evidence of an uncalled witness's testimony is from a § 2255 movant, the court views claims of ineffective assistance of counsel with "great caution."

*United States v. Jackson*, Nos. 4:12-CV-715-A, 4:07-CR-03-A, 2013 WL 1363905, at *2 (N.D. Tex. Apr. 4, 2013) (internal citations omitted) (quoting *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)). *Accord Craft v. United States*, No. 2:06CR154–MPM, 2010 WL 3023801, at *2 (N.D. Miss. July 30, 2010) (citations omitted).

Thus, the petitioner must identify the missing witness and proffer the testimony that the witness would have offered; "[w]ithout this evidence, the court cannot begin to analyze a claim of ineffective assistance of counsel." *United States v. Pearson*, Nos. 3–08–CV–1327–O, 3–06–CR–0369–O, 2009 WL 1285852, at *4 (N.D. Tex. May 8, 2009) (citing *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994)). Furthermore, the petitioner must show that the missing testimony would have been favorable to the petitioner. *Jackson*, 2013 WL 1363905, at *2-3 (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)); *Craft*, 2010 WL 3023801, at *2 (citing *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981)).

Petitioner has failed to meet this burden. Although Petitioner arguably intimates that he never actually confessed to the relevant conduct at this time he was apprehended, *see* Reply 2 (claiming that "Petitioner has always insisted of [sic] his innocence" and referring to his admission to the agent as "alleged statements or confessions"), Petitioner at no point contends that the agent, if subpoenaed, would testify in his favor at his sentencing hearing. *See* Mot. 1-7; Reply 1-3; *Jackson*, 2013 WL 1363905, at *2-3 (rejecting petitioner's ineffective assistance argument based on counsel's failure to subpoena a witness where it was "entirely speculative" whether witness would have testified favorably at petitioner's sentencing hearing); *Pearson*, 2009 WL 1285852, at *4 (rejecting petitioner's ineffective assistance claim based on counsel's failure to subpoena witnesses to testify at sentencing hearing where petitioner did not "identify these witnesses or proffer their missing testimony"). As such, it is "entirely speculative" whether subpoenaing this agent would have affected Petitioner's sentence. *See Jackson*, 2013 WL 1363905, at *3. The Court therefore cannot conclude that Counsel's alleged failure prejudiced Petitioner. *See id.* at *2-3; *Craft*, 2010 WL 3023801, at *2-3; *Pearson*, 2009 WL 1285852, at *4.

15

Similarly, a petitioner who challenges his or her counsel's failure to cross-examine a government witness at a sentencing hearing must show that the "cross-examination, if conducted, would have resulted in a sentence that was significantly less harsh than the one he [or she] received" in order to show prejudice. *United States v. Guerrero*, 132 F.3d 1454 (5th Cir. 1997). Again, the petitioner "has the burden of negating the presumption that, under the circumstances, the decision not to cross-examine . . . a witness at sentencing constituted sound trial strategy." *United States v. Castille*, Criminal No. 2:11 CR 00061–001, 2013 WL 6054474, at *2 (W.D. La. Nov. 17, 2013) (citing *Bell v. Cone*, 535 U.S. 685, 698 (2002)). Moreover, a criminal defendant has no constitutional right to cross-examine witnesses at sentencing. *United States v. Perez*, Nos. 4:12–CV–463–A, 4:08–CR–185–A, 2012 WL 5846414, at *3 (N.D. Tex. Nov. 19, 2012) (citing *United States v. Bevdoun*, 469 F.3d 102, 108 (5th Cir. 2006)); *Owens v. Banks*, Civil Action No. 1:09CV615–LG–RHW, 2010 WL 5571964, at *7 (S.D. Miss. Dec. 15, 2010) (citing *United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007); *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999)). Here, Petitioner does not identify what, if any, mitigating evidence would have been revealed if Counsel cross-examined the federal agent. *See* Mot. 1-7; Reply 1-3. Petitioner therefore cannot demonstrate that his sentence would have been less harsh if Counsel had cross-examined the agent, so his ineffective assistance claim fails on that ground. *See United States v. Holbrook*, Nos. 3-06-CR-0069-D(01), 3-08-CV-1161-D, 2008 WL 4449547, at *4 (N.D. Tex. Sept. 30, 2008).

### iii.   Counsel's alleged failure to offer rebuttal evidence at the sentencing hearing

Petitioner argues that Counsel rendered ineffective assistance by failing to offer rebuttal evidence regarding the relevant conduct enhancement at his sentencing hearing. *See* Reply 2-3.

To rebut information contained in a PSR, the "rebuttal evidence must demonstrate that the information contained in the PSR is 'materially untrue, inaccurate or unreliable[.]'" *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) (quoting *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998)). Here, Petitioner has not identified any rebuttal evidence that Counsel should have presented at all, let alone evidence that would have demonstrated that the PSR was untrue, inaccurate, or reliable, so Petitioner has failed to show that he was prejudiced by Counsel's failure to do so. *See Palacios v. United States*, Nos. 3:12–CV–0788–D, 3:08–CR–0267–D (4), 2013 WL 2367774, at *5 (N.D. Tex. May 30, 2013); *Harris v. United States*, Civil No. 7:10–CV–039–D, Criminal No. 7:05–CR–026–D, 2013 WL 1294680, at *3 (N.D. Tex. Mar. 29, 2013); *Hernandez v. United States*, Nos. 3:11–CV–2482–N–BH, 3:06–CR–0192–N (7), 2012 WL 781955, at *4 (N.D. Tex. Feb. 9, 2012), *report and recommendation adopted by* 2012 WL 785931 (N.D. Tex. Mar. 9, 2012); *United States v. Moreno*, Criminal Action No. H-95-142-67, Civil Action No. H-03-1622, 2006 WL 2706772, at *2 (S.D. Tex. Sept. 18, 2006); *United States v. Alexander*, No. CRIM.A. 02-315, 2005 WL 1038603, at *3 (E.D. La. Apr. 22, 2005). The Court therefore dismisses his ineffective assistance claim to that extent.

## 5.   Petitioner's arguments that he would not have pleaded guilty but for Counsel's ineffective assistance

Petitioner argues that he

> has always insisted of [sic] his innocence, and as such he also informed his attorney that if faced with the decision of a long prison sentence or one where is [sic] was held accountable for the crime that he actually committed, he would plea [sic] guilty for particularized conduct and force the government to a trial to prove that he had actually committed everything else . . . He instructed his attorney several times that he was more than willing to proceed to trial given his alternatives, but yet his attorney by and through ignored his requests and instructions.

Reply 2.

17

Petitioner's argument on this score is not entirely clear, but the Court must construe the argument liberally. *See Haines*, 404 U.S. at 521. The Court understands Petitioner to argue either that (1) Counsel forced Petitioner to plead guilty when he would have preferred to go to trial, thereby rendering Petitioner's guilty plea involuntary; or that (2) Petitioner would not have pleaded guilty if Counsel had informed him that the court could increase his sentence based on a quantity of marijuana beyond that in his possession at the time of his arrest; or that (3) Counsel should have proceeded to trial on the limited issue of the quantity of marijuana for which Petitioner would be held responsible under the Sentencing Guidelines. The Court considers each possibility below.

### i.      Petitioner's allegations that Counsel ignored his wishes to proceed to trial

The Court first considers and rejects Petitioner's suggestion that Counsel ignored his instructions to proceed to trial instead of a guilty plea. Petitioner affirmed to this Court at the plea hearing that he knowingly and voluntarily decided to plead guilty. *See* Plea Hr'g Tr. 2-25, 31-32. Specifically, Petitioner affirmed that no one had "forced [him] to enter a plea . . . against [his] will." *See id*. at 6-7. Petitioner further affirmed to this Court that he was "satisfied" with Counsel's assistance and had no "complaints about anything [Counsel did] or failed to do" in the Case. *See id*. at 7. If Counsel overrode Petitioner's explicit instructions to take the Case to trial, Petitioner could have so informed the Court at that time. *See id*. at 6-7. Petitioner did not. *See id*. at 2-32. "[A] defendant ordinarily will not be heard to refute [his or] her testimony given at a plea hearing while under oath. 'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)) (quoting *Blackledge v. Allison*, 431 U.S. 63,

73-74 (1977); citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)). Petitioner,

having sworn to this Court that his plea was knowing and voluntary and that Counsel's

performance was adequate, therefore cannot now claim that his "attorney by and through ignored

his requests and instructions" to go to trial instead of entering a guilty plea. *See* Reply 2. The

Court therefore rejects this aspect of Petitioner's ineffective assistance of counsel claim. *See*

*Hawkins v. Director, TDCJ-CID*, Civil Action No. 1:06cv176, 2010 WL 264041, at *4 (E.D.

Tex. June 29, 2010); *Greene v. Quarterman*, Civil Action No. 4:08–CV–712–Y, 2009 WL

2473993, at *2-3 (N.D. Tex. July 6, 2009); *Bass v. Dretke*, No. Civ.A. 503CV149C, 2004 WL

2049314, at *1-4 (N.D. Tex. Sept. 10, 2004).

> ### ii.     Petitioner's suggestion that Counsel failed to inform him of the possibility of a relevant conduct enhancement

If Petitioner is instead arguing that his plea was unknowing or involuntary because

Counsel failed to make him aware that his sentence could be enhanced on the basis of relevant

conduct, his argument still fails.

A petitioner may attack a guilty plea where counsel failed to provide the petitioner with

"reasonably competent advice." *Rosales v. United States*, Nos. 4:12–CV–176–A, 4:09–CR–160–

A, 2012 WL 3222233, at *3 (N.D. Tex. Aug. 8, 2012) (quoting *Cuyler v. Sullivan*, 446 U.S. 335,

344 (1980)). "[I]n order to satisfy the 'prejudice' requirement" of an ineffective assistance claim

based on a guilty plea, the petitioner "must show that there is a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (citations omitted). "Mere allegations from a petitioner

that he [or she] would have demanded a trial if counsel's advice had been different are

insufficient to establish a reasonable probability that he [or she] would have actually done so."

*Deckard v. United States*, Civil Action No. 9:07cv106, Crim. No. 9:01cr41, 2008 WL 2714106,

at *16 (E.D. Tex. July 9, 2008) (citing *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988); *Wolfe*

*v. Puckett*, 780 F. Supp. 408, 416 (N.D. Miss. 1991)).

Moreover, "[e]ven where counsel has rendered totally ineffective assistance to a

defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary,"

because in such a case "there is no actual and substantial disadvantage to the defense." *DeVille v.*

*Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) (internal quotation marks omitted) (quoting *United*

*States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984)). This is because, to establish a constitutional

violation, the petitioner must "affirmatively prove" that he or she was prejudiced by his or her

counsel's ineffective assistance, such that the result of the plea hearing would have differed were

it not for counsel's errors. *Id.* (citing *Strickland*, 466 U.S. at 694, *Bonvillain v. Blackburn*, 780

F.2d 1248, 1253 (5th Cir. 1986)). A plea is voluntary if the defendant understands the charges,

understands the consequences of pleading guilty, and voluntarily chooses to plead guilty, without

being coerced to do so. *Id.* at 657 (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir.

1980)). A defendant understands the consequences of pleading guilty if he or she understands the

maximum prison term and fine for the offense charged. *United States v. Young*, 981 F.2d 180,

184 & n.4 (5th Cir. 1992) (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)).

Assuming for the sake of argument that Counsel failed to explain to Petitioner how the

relevant conduct provisions of the Sentencing Guidelines might ultimately increase his sentence,

that failure did not prejudice Petitioner because Petitioner knowingly and voluntarily pleaded

guilty with full knowledge of the range of sentences he could receive. At the plea hearing, the

Court explained the charges to Petitioner, and Petitioner affirmed that he understood them. *See*

Plea Hr'g Tr. 14. The Court further informed Petitioner that, if he pleaded guilty, he faced a

maximum statutory sentence of ten years of incarceration because of his prior drug importation conviction. *See id*. at 14, 31-32. The Court also explained to Petitioner how his sentence range would be calculated under the Sentencing Guidelines. *See id*. at 15-17. The Court further advised Petitioner that, notwithstanding the guideline range,

> there are other factors that I might look at for the purposes of sentencing. I'm explaining all of that to you because what I want both of you to understand before you enter a plea here today is that nobody can promise you or guarantee you a particular sentence. The best your attorney can do is explain to you how those sentencing guidelines work, some of the factors I might look at for the purposes of sentencing. But in the end, gentlemen, each of your sentences will be up to me as your judge.

*Id*. at 17.

Petitioner affirmed to the Court that he understood the possible range of sentences he could receive. *See id*. at 14, 17. Petitioner nonetheless pleaded guilty. *See id*. at 25. Petitioner further affirmed to the Court that this plea was knowing and voluntary, and was not the product of coercion. *See id*. at 2-25, 31-32.

Thus, even assuming Counsel did not fully inform Petitioner about the relevant conduct provisions of the Sentencing Guidelines, Petitioner's plea remained voluntary and knowing because he opted to pleaded guilty with full knowledge of the maximum sentence he could receive under the charges. *See DeVille*, 21 F.3d at 657, 659; *Young*, 981 F.2d at 184 & n.4 (quoting *Rivera*, 898 F.2d at 447). "The fact that the applicable range of the U.S. Sentencing Guidelines was not known at the time of the plea proceeding, which is not surprising inasmuch as the [PSR] had not yet been prepared, does not cast aspersions on the validity of" Petitioner's guilty plea. *See Deckard*, 2008 WL 2714106, at *17. Therefore, this challenge fails as well. *See Padilla v. United States*, Civil Nos. SA–12–CA–429–XR, SA–09–CR–800–1–XR, 2012 WL 6949605, at *17-19, *report and recommendation adopted by* 2013 WL 321771 (W.D. Tex. Jan.

28, 2013); *Ross v. United States*, Nos. 4:10–CV–675–A, 4:08–CR–024–A, 2011 WL 879852, at *3 (N.D. Tex. Mar. 14, 2011); *United States v. Tyler*, Criminal Action No. 5:07cr17–DCB–JCS–1, Civil Action No. 5:08cv206–DCB, 2009 WL 2169829, at *4 (S.D. Miss. July 20, 2009); *Deckard*, 2008 WL 2714106, at *1-2, 6, 16-17, 19.

### iii.    Petitioner's argument that Counsel should have allowed him to proceed to trial on the limited issue of drug quantity.

Petitioner also argues that "if faced with the decision of a long prison sentence or one where is [sic] was held accountable for the crime that he actually committed, he would plea [sic] guilty for particularized conduct and force the government to a trial to prove that he had actually committed everything else." Reply 2. By this, Petitioner seems to suggest that Counsel should have arranged for Petitioner to plead guilty only to the lesser quantity of marijuana and proceed to a full-fledged trial regarding the quantity for which he was ultimately held responsible at sentencing.

If so, Petitioner is requesting a bifurcation procedure that does not exist in the federal system. Because the Sentencing Guidelines are advisory rather than mandatory, a criminal defendant who pleads guilty to a particular count has no right to a jury trial to force the government to prove aggravating factors that could increase the applicable guideline range for that offense. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Instead, "[t]he sentencing judge," rather than a jury, "is entitled to find by a preponderance of the evidence" at the sentencing hearing "all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). This includes the total quantity of drugs involved in the offense as relevant conduct. *See United States v. Saenz-Bustillos*, 343 F. App'x 957, 958 (5th

Cir. 2009) (citing *United States v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995)). Thus, in a federal criminal proceeding, the defendant can either plead guilty to a count, or proceed to trial on that count, but the defendant cannot split the count in half and do both. As a result, Counsel did not render ineffective assistance by failing to arrange for Petitioner to plead guilty to a lesser quantity of marijuana but proceed to trial on the quantity to be considered as relevant conduct.

For the foregoing reasons, all of Petitioner's ineffective assistance of counsel claims fail, so the Court denies the Motion in its entirety.

### C.     Evidentiary Hearing

Petitioner "contends that there is insufficient information on the record and that there is information that is solely the knowledge of [P]etitioner and [C]ounsel," and therefore "asks that the [C]ourt hold an evidentiary hearing so that he may have the benefit of cross-examining [Counsel] and further prove his claim of ineffective assistance of counsel." Reply 3. 28 U.S.C. § 2255(b) provides that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

For the reasons discussed above, the Motion, the Reply, and the files and records of the Case amply demonstrate that Petitioner is entitled to no relief, so no evidentiary hearing is necessary to rule on the Motion. *See Davis v. United States*, Nos. 3:07-CV-1995-P; 3:01-CR-0323-P (03), 2009 WL 3488052, at *9 (N.D. Tex. Oct. 28, 2009); *Peralta-Ramirez*, 2008 WL 4630369, at *11. The Court accordingly denies Petitioner's request for a hearing.

### D.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, Petitioner must obtain a certificate of appealability before

appealing this Order. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336. "A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument." *Peralta-Ramirez*, 2008 WL 4630369, at *12 (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)).

For the reasons described above, "jurists of reason would not debate whether [Petitioner] has stated a valid claim." *See id*. As a result, the Court sua sponte denies Petitioner a certificate of appealability. *See id*.

## III.   CONCLUSION

It is therefore **ORDERED** that the Motion, ECF No. 26, EP-12-CR-1260-KC-1, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the corresponding civil action, EP-13-CV-134-KC, is hereby **DISMISSED WITH PREJUDICE**. The Clerk shall close the case. The Court shall issue a final judgment separately.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

SIGNED this 14th day of March, 2014.


_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE